UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| KHALILLA KHAITMETOV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, EDEN DETENTION CENTER, et al.,<br><br>Respondents. | No. 6:26-CV-093-H |

**ORDER**

Khalilla Khaitmetov entered the United States illegally six years ago. At that time, ICE detained Khaitmetov and issued him a Notice to Appear, charging Khaitmetov with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-1 at 15; *see* 8 U.S.C. § 1182(a)(6)(A)(i). In November 2025, ICE placed Khaitmetov back into custody for the pendency of his removal proceedings. Dkt. No. 11 at 3. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 5. Before the Court is Khaitmetov's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA and its implementing regulations, the Fourth Amendment, the Fifth Amendment, and the *Accardi* doctrine. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Khaitmetov's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to

mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished the applicability of *Zadvydas* from cases concerning "detention during deportation proceedings," which it has held are "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Khaitmetov's arguments in his petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. So the Court denies the petition. Dkt. No. 1.

Finally, the Court notes that when Khaitmetov filed his petition, he was detained at Eden Detention Center in Concho County, Texas, in this Division of the Northern District of Texas. *See* Dkt. No. 1 at 2; 28 U.S.C. § 124(a)(4). However, the ICE Online Detainee Locator System indicates Khaitmetov has since been transferred to Diamondback Correctional Facility in Blaine County, Oklahoma, which is in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). But this Court retains jurisdiction because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

So ordered on November 23, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE